IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF

          v.                    CRIMINAL NO. 12-50003-001

CHASITY LEWIS                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **Motion for Modification or Reduction of Sentence (Doc. 21).**   The undersigned, being well and sufficiently advised, finds and recommends as follows:

Defendant pled guilty to the distribution of methamphetamine, and was sentenced on July 20, 2012, to 110 months imprisonment, a $7,500 fine, a special assessment of $100, and three years of supervised release.   Defendant brings the instant motion pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a sentence reduction under certain circumstances when a sentencing range has been subsequently lowered by the Sentencing Commission.   Defendant seeks "a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines . . ., which included . . . Amendment 12, Criminal History ."   (Doc. 21 at pg. 2.)   Defendant asserted this same argument in a previously filed motion for modification or reduction of her sentence (Doc. 19).   As stated in the order denying that motion (Doc. 20), Amendment 12 was in effect at the time of Defendant's sentencing, and thus, there has been no intervening Guideline change that would warrant relief under § 3582(c)(2).   See United States v. Guiterrez-Espinoza, 2013 WL 1767696 (E.D. Ark. April 24, 2013) (Amendment 12, which addresses the computation of criminal history scores in the

counting of multiple prior sentences and the counting of certain misdemeanor or petty offenses, became effective November 1, 2007; as it was in effect at the time the defendant was sentenced, defendant was not entitled to relief under § 3582(c)(2)).

Defendant also asserts that "in resentencing" the Defendant, the Court should "apply the Guidelines as advisory" pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).   As Defendant is not entitled to be resentenced, this argument is without merit.  Further, Booker does not apply retroactively.  See United States v. Brown, 604 F.3d 1044, 1046-57 (8th Cir. 2010); Ausler v. United States, 545 F.3d 1101, 1105 (8th Cir. 2008).

Based upon the foregoing, the undersigned finds that the Defendant's **Motion (Doc. 21)** is without merit and recommends that it be **DENIED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 2nd day of June, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)